IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID FROHWERK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:11-CV-382 |
| ) | |
| CERTAIN PROPERTY AT ) | |
| 5501 S. 1100 WEST, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

David Frohwerk, a *pro se* prisoner, filed a case-initiating document labeled, "Motion for Attachment Lien and Bond Hearing." (DE 1.) For the reasons set forth below, this action is **DISMISSED** as frivolous and malicious pursuant to 28 U.S.C. § 1915A.

BACKGROUND

David Frohwerk, a *pro se* prisoner, initiated this case on October 21, 2011, by filing a document labeled, "Motion for Attachment Lien and Bond Hearing." (DE 1.) In essence, Frohwerk seeks to place an "attachment lien" on the Westville Correctional Facility ("Westville") based on what he believes to be inadequate conditions at that facility. (*Id.*)

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original). The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

This action is frivolous. Frohwerk is not entitled to place a "lien" on the correctional facility, since he does not have a judgment against the facility. *See generally* IND. CODE § 34-55-9-2. To the extent Frohwerk is attempting to challenge the conditions of his confinement at Westville, he already has a case pending in which he raises these same allegations. *See Frohwerk v. Lemmon, et al.*, No. 2:11-CV-221-PS (N.D. Ind. filed June 24, 2011.) It is malicious for Frohwerk to file multiple suits based on the same set of facts. *See* 28 U.S.C. § 1915A; *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of 28 U.S.C. § 1915A if it is intended to harass or is otherwise abusive of the judicial process); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (it is malicious for a plaintiff with *in forma pauperis* status to file a lawsuit that duplicates allegations of another pending lawsuit). Accordingly, this case must be dismissed.

CONCLUSION

For the reasons set forth above, this action is **DISMISSED** as frivolous and malicious pursuant to 28 U.S.C. § 1915A.

**DATED:  November 1, 2011**          /s/RUDY LOZANO, Judge
                                      **United States District Court**

3